**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Warden, | No. CV-18-00096-TUC-LCK |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Magnus, et al., | |
| Defendants. | |

Pending before the Court are Defendants' two motions to dismiss (Docs. 63, 74) and two motions for judicial notice (Docs. 64, 71). The motions to dismiss are fully briefed. (Docs. 69, 72, 80, 81.) Plaintiff did not file a response to the requests for judicial notice. After oral argument on March 5, 2020, the Court took the motions under advisement. (Doc. 84.) Defendants filed a supplemental brief after argument, to which Plaintiff responded. (Docs. 85, 87.) Plaintiff also filed a post-argument motion to voluntarily dismiss Claims 1(a) and 2(a) of his Second Amended Complaint.

Federal Rule of Civil Procedure 12(b)(6) prohibits motions to dismiss after a defendant files an answer. Because Defendants filed their motions after their Answer, the Court will treat them as motions for judgment on the pleadings. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (holding that Federal Rules 12(b)(6), 12(c), and 12(h)(2) allow a motion for judgment on the pleadings based on a failure to state a claim; therefore, it is proper to construe a Rule 12(b)(6) motion to dismiss, filed after an answer, as a motion for judgment on the pleadings).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint on February 22, 2018, which he has amended twice. The operative pleading is the Second Amended Complaint, filed on April 26, 2019, which is based on 42 U.S.C. § 1983. (Doc. 51.) Plaintiff names as defendants the City of Tucson, Tucson Chief of Police Chris Magnus, and Tucson Police Officers Justin Doggett, Ryan Sachs, and Rob Brandt. (*Id.*) Plaintiff alleges he is an activist that has investigated malfeasance by Tucson officials for the past twelve years. Between 2004 and 2008, he alleges Tucson police officers stood by and refused to protect public safety when Plaintiff and his associates were assaulted at public rallies. Plaintiff alleges that, on February 25, 2016, he attended a meeting with U.S. Marshal Richard Tracy, an assistant U.S. Attorney, and Defendants Brandt and Doggett, who warned him that "'Red-Necked Militia Thugs' would attend and disrupt Plaintiff's planned 'Justice for LaVoy' Rally on March 4, 2016, and potentially inflict deadly force upon Plaintiff." (Doc. 51 ¶ 31.) At that March 4 rally, Plaintiff alleges that Defendants Brandt and Sachs refused to intervene when he was assaulted by Cody Whitaker and forced to retreat into the street. He alleges Defendants acted pursuant to City of Tucson policy to deter the speech of people who oppose city policy.

After the motions to dismiss were briefed but before argument, the Court granted Plaintiff's request for dismissal of Claims 3 and 4. (Docs. 79, 83.) Three claims remain in the Second Amended Complaint. In Claim 1, Plaintiff alleges his First Amendment rights were violated by (a) Defendants Doggett and Brandt's actions at the February 2016 meeting, and (b) Defendants Sachs and Brandt's actions at the March 2016 rally. In Claim 2, Plaintiff alleges he was retaliated against in violation of the First Amendment, for his ten-year opposition to the City of Tucson's open border policies, by (a) Defendants Doggett and Brandt's actions at the February 2016 meeting, and (b) Defendants Sachs and Brandt's actions at the March 2016 rally. In Claim 3, Plaintiff

alleges Defendant Magnus violated his rights by failing to train or supervise his officers. Plaintiff did not name the City of Tucson as a defendant on any specific claim but alleged the individual Defendants acted in accord with City of Tucson policy. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

## **STANDARD OF REVIEW**

A motion for judgment on the pleadings is functionally equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted; therefore, the Court applies the motion to dismiss standard. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations in the complaint must be construed in the light most favorable to the plaintiff). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Id.* at 679.

## **DISCUSSION**

Defendants filed two motions seeking dismissal of Plaintiff's three remaining claims as to all Defendants, Claims 1, 2, and 5. In the first motion, Defendants argue that Plaintiff is barred by issue preclusion from litigating whether Whitaker assaulted him in

2016. In the second motion, Defendants argue Claims 1, 2, and 5 fail to state a constitutional claim.

**CLAIMS 1(a) AND 2(a)**

In response to Defendants' post-argument supplemental brief (Doc. 85), Plaintiff moved to dismiss subsection (a) of Claims 1 and 2 (Doc. 88). These First Amendment claims are based on the actions of Defendants Doggett and Brandt at the February 2016 meeting. (Doc. 51 ¶¶ 40(a), 43(a).) As stated by Plaintiff, he is moving to dismiss "all counts arising out of Defendants' conduct on February 25, 2016." (Doc. 87 at 2.)

Plaintiff's motion did not indicate whether he was requesting dismissal with or without prejudice. Rule 41 provides that, after defendants have answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a). Such a dismissal is without prejudice, unless the Court states otherwise. *Id.* The Court finds that dismissal with prejudice is the proper outcome at this stage of the case. One of Defendants' fully-briefed-and-argued pending motions seeks dismissal of Claims 1(a) and 2(a) on the merits, which would be with prejudice. (Doc. 74.) In requesting dismissal, Plaintiff stated that his request was filed "after carefully considering the arguments" in Defendants' supplemental brief. (Doc. 88.) Thus, Plaintiff's request for dismissal is based on his implicit acknowledgment that Defendants' motion has merit. *See Thompson v. Janssen Pharm., Inc.*, 756 F. App'x 740, 741 (9th Cir. 2019) ("A district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling.") (citing *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988)).

In February, when the Court granted Plaintiff's request to dismiss Claims 3 and 4, it did so with prejudice based on a similar analysis. (Doc. 83.) Plaintiff did not object to that decision and was on notice of it when he filed the current motion to dismiss these additional claims. For these reasons, the Court will grant dismissal of Claims 1(a) and 2(a) with prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (interpreting

Rule 41 as granting courts discretion to dismiss with or without prejudice and finding discretion was not abused by a dismissal with prejudice when the plaintiff's motion did not request a dismissal without prejudice). Because these are the only claims on which Defendant Doggett is named, he also will be dismissed with prejudice.

**CLAIMS 1(b) AND 2(b)**

Plaintiff alleges that Defendants Sachs and Brandt violated his First Amendment right to free speech by failing to intervene at the March 2016 rally, when Cody Whitaker assaulted Plaintiff. In their first motion to dismiss, Defendants contend that Plaintiff previously litigated through final judgment in state court whether Cody Whitaker assaulted him in 2016. (Doc. 63.) Because the state court found no assault, Defendants assert that issue preclusion bars Plaintiff from asserting in this Court that Whitaker assaulted him. (*Id.*) Plaintiff argues that issue preclusion is not applicable because: Defendants were not a party to or in privity with a party to the prior proceeding, he did not litigate his First Amendment claim in state court, he was denied a trial by jury in the prior proceeding, and the state court judgment was not final because he appealed the ruling.[1] (Doc. 69.)

In support of their motion, Defendants request that the Court take judicial notice of state-court filings from Plaintiff's case against Whitaker. Plaintiff did not object to Defendants' requests. In fact, Plaintiff attached several state-court documents to his motion response. (*See* Doc. 69.) The Court may take judicial notice of matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (allowing courts to take notice of undisputed records, such as the fact that particular documents were filed, but not disputed facts stated in those documents) (citing Fed. R. Evid. 201(b)). Specifically, the Court properly considers Arizona state court records in deciding a matter of issue preclusion arising from a state court proceeding. *See Holder v. Holder*, 305 F.3d

---

[1] Because it has no bearing on the pending issues, the Court does not address Plaintiff's argument that counsel for Defendants misled the Superior Court in an unrelated proceeding. (Doc. 69 at 1, 2; Doc. 69-2.)

854 (9th Cir. 2002); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)). Therefore, the Court grants the requests for judicial notice and considers records from the Pima County Superior Court, those submitted by Plaintiff and Defendants and otherwise available by electronic access (*see infra* note 2), in ruling on the motions to dismiss.

In ruling on a motion for judgment on the pleadings, the Court accepts the truth of all factual allegations in the complaint, construing them in Plaintiff's favor. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, the Court may consider facts that "are contained in materials of which the court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). And, the Court is not required to "accept as true allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

**Factual Background**

On April 4, 2016, Plaintiff filed a complaint against Cody Whitaker in the Pima County Superior Court, Case No. C20161574. The complaint included a claim of assault that alleged, "on March 4, 2016 Defendant did cause Plaintiff Warden to have a reasonable apprehension of an immediate and harmful or offensive contact as set forth in paragraphs 14-15." (Doc. 64-2 at 6.) Paragraphs 14 and 15 alleged that, on March 4, 2016, Whitaker aggressively approached Plaintiff, and Plaintiff retreated into the street in fear of a deadly attack. (*Id.* at 4.) The court denied Whitaker's motion to dismiss the assault claim. (*Id.* at 8-21.) A June 6, 2017 judicial settlement conference, was unsuccessful. (*Id.* at 24-25, 50-51.)

Whitaker's motion for summary judgment on the assault claim was denied as untimely on June 7, 2017. Plaintiff filed a motion for summary judgment as to Whitaker's counterclaims, which was denied after oral argument on July 20, 2017. (*Id.* at 52.) After the court ruled on Plaintiff's motion for summary judgment, the court referred the matter to arbitration with the agreement of the parties.[2] (*Id.* at 53-54; Doc. 69 at 3 ¶ 3 (Plaintiff states that "the parties agreed to court-appointed arbitration.").) The parties submitted pre-arbitration statements. (Doc. 64-3 at 8-29.) After an August 31, 2017 arbitration proceeding, the parties filed post-arbitration briefs. (*Id.* at 30-53; Doc. 64-4 at 1-19.) On October 11, 2017, the arbitrator issued a ruling in which he denied Plaintiff relief on his assault claim against Whitaker (and awarded Whitaker $10,000 on his counterclaim that Plaintiff defamed him and placed him in a false light). (Doc. 64-4 at 20-22.)

On October 31, 2017, Plaintiff filed a request for a time extension to file an appeal of the arbitration ruling, along with a request to waive the appellate filing fee. (Doc. 71-2 at 155-56.) The court denied the request for a fee waiver on November 2 and did not grant a time extension for appeal.[3] (*Id.* at 157.) On November 8, Plaintiff filed: an application for waiver of court fees or costs (*id.* at 158-60); a Rule 77(c) Request for Waiver of Deposit;[4] and, an Appeal from Arbitration (*id.* at 163-66). That same day, the

---

[2] Plaintiff contends the superior court referred the case to arbitration without ruling on his motion for summary judgment. (Doc. 69 at 3 ¶ 3.) The July 20, 2017 docket states that the court denied a motion for summary judgment. (Doc. 64-2 at 52.) The court referred to it as "Petitioner's" motion, but the Court presumes it meant "Plaintiff," particularly as the defendant's motion for summary judgment already had been denied. The docket reveals no other motions for summary judgment pending at that time. To the extent necessary, the Court has looked at the docket, and documents included thereon, to summarize accurately the procedural history of C20161574, *Warden v. Whitaker*. *See* http://www.agave.cosc.pima.gov/AgavePartners/.

[3] In responding to Defendants' motion, Plaintiff stated that the superior court granted his request to extend time and waive fees. (Doc. 69 at 3 ¶ 4.) However, the court's order reveals otherwise.

[4] "At the time of filing the notice of appeal, the appellant must deposit with the clerk a sum equal to one hearing day's compensation of the arbitrator or 10 percent of the amount in controversy, whichever is less. The court may waive the deposit only on a showing that the appellant is financially unable to make such a deposit." Ariz. R. Civ. P. 77(c).

- 7 -

judge granted a deferral of court fees or costs (not a waiver) and ordered Plaintiff to pay $25 per month. (*Id.* at 161-62.) The clerk of court documented that Warden's fees for Application for Deferral Waiver ($28)/ Arbitration ($140)/ and Preparation Fee ($28) were deferred.

On January 8, 2018, the court entered judgment in the case. (*Id.* at 153.) That judgment was not appealed. Plaintiff stated that he did not recollect receiving notice of the judgment from the court, despite the court record of notice being sent; he averred that "[a]s near as he can recall, I first learned that the [c]ourt had dismissed C20161574 on or about August 15, 2018." (Doc. 69-3 ¶¶ 15-16.) The docket shows Plaintiff made payments under the fee-deferral order for eight months, including one on January 8, 2018 (the date of judgment), and a final one on August 15, 2018.

**Analysis**

"The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) (citing *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). "It is well established that, even in a suit under section 1983, 28 U.S.C. § 1738 requires federal courts give the same "full faith and credit" to the records and judicial proceedings of any state court that they would receive in the state from which they arise." *Caldeira v. Cty. of Kauai*, 866 F.2d 1175, 1177 (9th Cir. 1989) (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75 (1984)). This requires the Court to give the same preclusive effect to an Arizona state court judgment to which it is entitled under Arizona law. *See id.* at 1178 (evaluating whether the state court would preclude the plaintiff from litigating the issue in state court); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1165 (9th Cir. 2005) (quoting *Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850 (9th Cir. 1986)). When a state court confirms an arbitration award that "constitutes a judicial proceeding for purposes of section 1738, and thus must

be given the full faith and credit it would receive under state law." *Caldeira*, 866 F.2d at 1178.

Because Defendants have asserted preclusion of an issue (also referred to as collateral estoppel), they have "the burden of proving that an issue was in fact litigated and determined and that determination was necessary [to the decision]." *Airfreight Exp. Ltd. v. Evergreen Air Ctr., Inc.*, 158 P.3d 232, 238, 215 Ariz. 103, 109 (Ct. App. 2007) (quoting *Bayless v. Indus. Comm'n*, 880 P.2d 654, 659, 179 Ariz. 434, 439 (Ct. App. 1993)). In Arizona, defensive issue preclusion:

> binds a party to a decision on an issue litigated in a previous lawsuit if the following factors are satisfied: (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, [and] (4) resolution of the issue was essential to the decision.

*Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968, 204 Ariz. 221, 223 (Ct. App. 2003); *Manzanita Park, Inc. v. Ins. Co. of N. Am.*, 857 F.2d 549, 552 (9th Cir. 1988).[5]

In *Warden v. Whitaker*, Plaintiff alleged that Whitaker assaulted him on March 4, 2016. That claim was referred to arbitration with the consent of the parties, and it was denied in that proceeding. The parties presented briefs on the issue, before and after the arbitration. (Doc. 64-3 at 17-53; Doc. 64-4 at 1-19.) Relevant to the assault, Plaintiff submitted video files and transcripts to the arbitrator, and identified three witnesses. (Doc. 64-3 at 17, 20.) The arbitrator reviewed the videos and relevant Facebook posts, as well as hearing testimony from the parties and four witnesses, including two of those identified by Plaintiff. (Doc. 64-4 at 20-22.) The arbitrator discussed and summarized the evidence. He concluded there was a verbal altercation between the parties, but Whitaker

---

[5] Plaintiff cited case law providing the standard for application of <u>offensive</u> nonmutual issue preclusion. (Doc. 69 at 4-5.) However, that type of preclusion was not and could not have been raised by Defendants, because it may be asserted only by a <u>plaintiff</u> to prevent a defendant from relitigating an issue. *See Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007); *State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 713 n.3 (9th Cir. 2005) (explaining that offensive issue preclusion is asserted by a plaintiff, while defensive issue preclusion is raised by a defendant); *Shaffer v. R.J. Reynolds Tobacco Co.*, 860 F. Supp. 2d 991, 995 (D. Ariz. 2012).

neither advanced upon nor threatened Plaintiff and did not act in a way that suggested harmful intent. (*Id.* at 21.) The arbitrator found Officer Robert Brend's testimony,[6] that Whitaker did not make threatening motions or assault Plaintiff, most consistent with the video evidence. (*Id.* at 21-22.) The arbitrator discussed the testimony from Plaintiff's witnesses but found them less reliable. (*Id.* at 22.) He concluded there was no evidence Whitaker intended to harm Plaintiff nor acted to inflict harm. Rather, he described the interaction as mutually heated based on a conflict that arose prior to the event. He noted that Plaintiff invited Whitaker to the event and expressed an intent to address his issues with him on March 4. The arbitrator identified the only "substantial threat" as coming from Plaintiff. (*Id.* at 22.)

The arbitrator did not summarize his findings into a singular conclusion that Whitaker did not assault Plaintiff. However, he denied Plaintiff relief on his assault claim after summarizing the evidence discussed above. That finding demonstrated that he determined Whitaker did not assault Plaintiff. *See Westinghouse Elec. Corp. v. Gen. Circuit Breaker & Elec. Supply Inc.*, 106 F.3d 894, 901 (9th Cir. 1997) ("the judge is allowed to draw necessary inferences from the prior adjudication in order to determine whether an issue was actually decided.") (citing 1B James WM. Moore et al., Moore's Federal Practice ¶ .443(4), at III.–581 (2d ed. 1984)).

Review of the arbitration submissions and decision reveal that the parties had a full and fair opportunity to litigate the issue – they testified, presented witnesses, and submitted evidence – and had motive to do so, as a decision could be final if not appealed. Without question, the assault claim was actually litigated in the state court proceeding and the arbitrator's finding that Whitaker did not commit assault was essential to his decision to deny Plaintiff's claim. In responding to Defendants' motion and arguing before the Court, Plaintiff did not contest that these three factors were satisfied by the prior proceeding. (Doc. 69.)

---

[6] It appears likely that the cited officer is Defendant Rob Brandt.

- 10 -

The remaining factor is whether the arbitrator's decision and subsequent judgment constituted a valid and final decision on the merits. By Arizona statute, an award from court-referred arbitration "has the effect of a judgment on the parties unless reversed on appeal." A.R.S. § 12-133(E). Additionally, the superior court subsequently issued a judgment stating that judgment was entered as of October 11, 2017, the date of the arbitrator's decision. *See Matter of Levine*, 847 P.2d 1093, 1113, 174 Ariz. 146, 166 (1993) (concluding an arbitration award that had been confirmed by the superior court and affirmed by the court of appeals, and was the subject of a final judgment, carried preclusive effect). Therefore, the superior court issued a final decision on the merits.

Plaintiff argued four reasons he believes the arbitrator's decision does not have prelusive effect in this Court. The Court initially addresses his contentions regarding the validity of the judgment. He contends that he appealed the arbitration ruling, therefore, the arbitrator's decision was not a final judgment. Plaintiff had 20 days to file a notice of appeal from the arbitration award, which issued on October 11, 2017. Ariz. R. Civ. P. 77(b). Review of the superior court docket reveals that no appeal was docketed by October 31, and the court did not grant an extension of the appeal deadline.[7] Because Plaintiff did not file a timely appeal from the arbitration award, the award became final. *See Orlando v. Superior Ct. ex rel. Cnty. of Maricopa*, 977 P.2d 818, 821, 194 Ariz. 96, 99 (Ct. App. 1998); *Anderson v. Fid. S. Ins. Corp.*, 582 P.2d 653, 655-56, 119 Ariz. 563, 565-66 (Ct. App. 1978) (finding the statutory right to appeal requires strict compliance and an appeal filed even two days beyond the allowed period is properly dismissed); *Diggs Realty & Ins. v. Pertile*, 559 P.2d 205, 205-06, 114 Ariz. 85, 85-86 (Ct. App. 1977) (holding superior court acts properly in finding arbitrator's award final when appeal not timely perfected). The fact that Plaintiff was directed to make installment payments for the appellate filing fee, and did so, is irregular in these circumstances because the state

---

[7] Because the superior court did not rule on Plaintiff's motion for a time extension to appeal, it was denied by operation of law. *State v. Hill*, 848 P.2d 1375, 1385, 174 Ariz. 313, 323 (1993).

court did not treat his November 8 filing as a proper timely appeal. However, it was Plaintiff's burden to prosecute his desired appeal, and he took no action to pursue it despite making payments.

Next, when the superior court entered final judgment in January 2018, Plaintiff did not appeal that judgment. Plaintiff stated that he did not recall receiving timely notice of the superior court's January 2018 judgment. He states he finally learned of the judgment in August 2018, while making a payment as directed by the Court. However, he had been making payments since the prior December and, apparently, never checked the docket. Regardless, correction of any state-court notice error should have been sought in state court. He did not request reconsideration of the judgment or seek a time extension to appeal it. For that reason, the judgment is final and valid for purposes of this Court's review.

Second, Plaintiff argues he was denied a jury trial in the superior court proceeding. Plaintiff had a right to a jury trial by filing a timely appeal from the arbitration award. *See Valler v. Lee*, 949 P.2d 51, 53, 190 Ariz. 391, 393 (Ct. App. 1997) (recognizing that constitutional right to jury trial is protected by right to trial de novo upon appeal from arbitration award). However, parties to an arbitration may "waive[ ] their right to jury trials through their disregard for court procedure." *Ashby v. Biglow*, No. 1 CA-CV 15-0511, 2017 WL 347535, at *4 (Ariz. Ct. App. Jan. 24, 2017) (upholding trial court's denial of time extension to appeal arbitration award) (quoting *Graf v. Whitaker*, 966 P.2d 1007, 1011, 192 Ariz. 403, 407 (Ct. App. 1998)). Because Petitioner did not timely appeal the arbitration award, he waived his right to a jury trial.

Third, Plaintiff argues that issue preclusion does not apply because Defendants were not a party to, or in privity with a party to, the prior proceeding. Plaintiff cites two cases in support of his argument, *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007), and *Shaffer v. R.J. Reynolds Tobacco Co.*, 860 F. Supp. 2d 991, 995 (D. Ariz. 2012). Both of those cases involved *offensive* issue preclusion under federal

law, but Defendants are asserting *defensive* issue preclusion under Arizona law. Arizona does not require that a defendant be in privity with a party from the prior litigation for defensive issue preclusion. *See supra* at 8 and note 5. Instead, a party defending against a claim may rely on a prior judgment to which it was not a party to preclude the plaintiff from relitigating an issue decided in that prior litigation. *See Food for Health Co. v. 3839 Joint Venture*, 628 P.2d 986, 990, 129 Ariz. 103, 107 (Ct. App. 1981). Because Plaintiff was a party to the prior litigation with Whitaker, he is bound by the decisions made in that case (because all of the elements necessary to defensive issue preclusion are met). *See State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 714 (9th Cir. 2005) ("Nonmutual collateral estoppel refers to use of collateral estoppel by a nonparty to a previous action to preclude a party to that action from relitigating a previously determined issue in a subsequent lawsuit against the nonparty.") (citing *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 320–30 (1971)).

Fourth, Plaintiff argues that his First Amendment claims were not litigated in the prior proceeding, therefore, issue preclusion is not applicable. Issue preclusion is distinct from preclusion of a specific claim. It bars re-litigation of any factual (or legal) issue that was actually decided and essential to the judgment. *See 4501 Northpoint LP v. Maricopa Cnty.*, 128 P.3d 215, 220, 212 Ariz. 98, 103 (2006) (citing *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30, 148 Ariz. 571, 573 (1986) ("When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated.")); *Baier v. Mayer Unified Sch. Dist.*, 232 P.3d 747, 753, 224 Ariz. 433, 439 (Ct. App. 2010), as amended (Ct. App. May 24, 2010) ("Issue preclusion binds a party to a decision on an **issue of fact** or law litigated in a prior lawsuit" (emphasis added)). Because the arbitrator decided that Whitaker did not assault Plaintiff and that determination was necessary to the judgment denying the assault claim, re-litigation of that issue is barred regardless of the legal claim. In other words, the fact that the current claim is based on the First Amendment and not assault is irrelevant.

- 13 -

None of Plaintiff's arguments undermine the Court's conclusion that Plaintiff is barred from re-litigating whether Whitaker assaulted Plaintiff on March 4, 2016, because the arbitrator determined that issue against Plaintiff in a decision resulting in a final state court judgment. It was the occurrence of an assault against him that Plaintiff relied upon to support his allegation that Defendants were obligated to intervene in protection of public safety. When the assault allegation is removed, Claims 1(b) and 2(b) are without the necessary factual support. Therefore, Claims 1(b) and 2(b) fail to state a claim based on the Court's issue preclusion finding.

**DEFENDANTS CITY OF TUCSON AND CHIEF MAGNUS**

Plaintiff alleges that the City of Tucson is liable because the other Defendants' alleged unconstitutional actions were taken pursuant to city policy. In Claim 5, Plaintiff alleges that Defendant Magnus is liable for failing to train his officers, which resulted in harm to Plaintiff. Because the Court finds that Plaintiff has failed to allege a violation of his First Amendment rights in Claims 1(b) or 2(b), neither the city nor Chief Magnus can be found liable for a First Amendment violation. *See Jackson v. City of Bremerton*, 268 F.3d 646, 653-54 (9th Cir. 2001) ("Neither a municipality nor a supervisor, however, can be held liable under § 1983 where no injury or constitutional violation has occurred.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.")).

**CONCLUSION**

Plaintiff voluntarily has dismissed Claims 1(a) and 2(a), the only claims brought against Defendant Doggett. Those claims and that Defendant will be dismissed with prejudice. Because the state court previously determined that Whitaker did not assault Plaintiff at the March 2016 rally, Claims 1(b) and 2(b) are barred by issue preclusion. Therefore, the Court will grant Defendant's first motion to dismiss these claims and the

- 14 -

Defendants named therein, Brandt and Sachs. Because Plaintiff has failed to state a claim that his constitutional rights were violated, neither the City of Tucson nor Chief Magnus are liable. Therefore, the Court grants Defendants' second motion to dismiss Claim 5 and these Defendants. In sum, the remainder of Plaintiff's Second Amended Complaint and all Defendants shall be dismissed.

The Court has evaluated its obligation to grant Plaintiff leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Because Plaintiff cannot amend around the state court finding that Whitaker did not assault him, the Court finds that Plaintiff is unable to cure the deficiencies in the Second Amended Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss (Doc. 88) is **GRANTED**. Claims 1(a) and 2(a) of the Second Amended Complaint (Doc. 51) are **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS FURTHER ORDERED** that Defendants' motions for judicial notice (Docs. 64, 71) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss (Docs. 63, 74) are construed as motions for judgment on the pleadings and **GRANTED** as set forth in this Order.

**IT IS FURTHER ORDERED** that the Second Amended Complaint is **DISMISSED with prejudice**. The Clerk of Court should enter judgment and close this case.

Dated this 30th day of March, 2020.

*[signature]*
Honorable Lynnette C. Kimmins
United States Magistrate Judge

- 15 -